May it please the Court, I am Josh Parker representing the New York State Board of Law Examiners. This Court should reverse the District Court's finding that the Board of Law Examiners had its Eleventh Amendment immunity waived under Section 504 of the Rehabilitation Act for either of two independent reasons. First, pursuant to Congress's Spending Clause authority, Section 504 abrogates State's Eleventh Amendment immunity only for the operations of departments or agencies that house entities that receive federal funding. The District Court erred by concluding that New York State's judicial branch, its unified court system, or UCS, is a single department or agency. As a result, the Court erroneously found that particular specialized courts that accepted restricted federal funding waived the Board's Eleventh Amendment immunity just because the Board and the specialized courts are both part of New York's sprawling judicial branch. Well, Mr. Parker, you say that the unified court system is not properly conceived of as the department here, but I guess I'm asking, how do we know that? Because I understand that the Board is not completely administratively and financially independent of the rest of the court system. It has a relationship with the Court of Appeals, its budget is not independent, so what would be the test for determining how to assess what it is part of, essentially? Your Honor, there are two distinct questions in this appeal. The first question is, how do we define department or agency? The second question that your question is getting at is, assuming UCS is the relevant department or agency, is the Board sufficiently independent from it? The first question, which I'm going to focus on now, is, what do the terms department or agency mean? Those terms commonly refer not to the three major branches of government, but to subdivisions within those branches. The Rehabilitation Act itself uses the terms that way. Section 501 refers to each department, agency, or instrumentality in the executive branch of government, showing that an agency or department is a subdivision of the executive branch. Section 507 also refers to the various departments, agencies, and branches of federal government. You just alluded to other instrumentality. What is an other instrumentality, and why isn't the UCS fall? Because this Court has consistently held that we interpret terms in a statute consistent with the company that they keep. So when you look at the term agency, TW has not disputed the definition of agency that Black's Law Dictionary lays out, which includes state offices, departments, divisions, bureaus, boards, and commissions. When we look at the term department, I'm not just stating this, this is how the term is used in the U.S. Constitution, referring to executive departments within branches, the New York Constitution doing the same, and New York's Judiciary Law. This is also how circuits construe the term department or agency in precedent across the circuit. So let me just point to one really instructive case, which is Haymarger, the Third Circuit case. In that case, the domestic relations section of the 53rd Judicial District of Pennsylvania's whole unified judicial system accepted federal funding. And the Court considered, is the relevant department or agency here the unified judicial system, Pennsylvania's whole judicial branch, or is it the particular judicial districts? And it held it was the particular judicial districts. New York similarly has judicial districts, it actually has fewer. It has 13 judicial districts for the different trial courts, and the various specialized courts that accepted federal funding here are housed in the judicial districts. So if we were just applying the rule of Haymarger, if a specialized court in the First Judicial District accepted federal funding, it would be waiver for the First Judicial District. But let me explain how far afield T.W. and the District Court's theory is from the theory that was used in Haymarger and adopted by every other federal court. New York's judiciary is sprawling. In the relevant time frame, it had an approximately $1.8 billion budget. It has 30 different types of operations, nine major trial courts, such as family court circuits for the Supreme Court, and then an array of non-major courts, including town and village courts, drug treatment courts. And in addition to that, if you look at the UCS org chart, there are two dozen non-court entities, such as the Public Safety Department or the County Clerk's Office. So under T.W.'s theory... There are also many common elements, right? The Chief Judge is in charge, there is a one budget, there is an administrative body that administers the entire system. Your Honor, so this is getting to the second argument, and I will address this. This is assuming that UCS can be a department or agency. We maintain it can't. Is the board sufficiently independent of it so it's not an operation of the agency? And I want to emphasize, the question that courts ask are not whether the board is simply part of UCS. There's no doubt it is, it's part of the judicial branch. They look at very particular factors, which is how they are funded, the state's characterization of the subunit under state law, and how it is managed on a day-to-day basis. And all of those factors point to the board's substantial independence. Let's talk about funding, which I think is the most important. All of the board's funding comes from a legislative appropriation called the Attorney Licensing Fund, which the board gets directly from the state's treasury. And all of its substantial revenues from bar exam fees don't go to the Court of Appeals, don't go to UCS, they go straight to the state's general fund in terms of management on a day-to-day basis. Though the Court of Appeals appoints board members, those board members themselves appoint an executive director who manages the board on a day-to-day basis. The board doesn't have its own budget, though, right?  I guess my question is, let's say that we agree with you that the unified court system doesn't appear to be the relevant department or agency operating the board. I see three possibilities if you look at this court system, and I wonder if you have a view. You can say that the board is part of the Court of Appeals, so if the Court of Appeals were to accept federal funding, this would be part of the operations of the board. You seem to be arguing that the board stands on its own within the court system for these purposes. You might also, I was wondering whether the board should be grouped as being part of the auxiliary appellate operations, assuming that we accept your first argument that we shouldn't look at the unified court system as a whole. Do you have a view on that? Yes, yes I do. So first I want to make clear, if the district court identified the wrong department or agency, then that alone merits reversal, and the district court can revisit if they wish. But the board certainly is not an appellate auxiliary operation. As Mary Whitting, the principal budget analyst, testified in her deposition, that term is a misnomer for the board because the board's relations are really with the Court of Appeals and not the appellate divisions. The reason they were placed there in the budget was because they really just couldn't fit anywhere else. But even assuming the board were an operation of the Court of Appeals, it's undisputed that the Court of Appeals receives no federal funding or received no federal funding in the relevant time frame. So that would not waive the board's sovereign immunity. And TW Advance, no facts below, linking the specialized courts that accepted federal funding to the Court of Appeals in particular, but that can't be a basis for waiver either. And the very last point I would like to make, given that I see my time is running low, is that if you look at UCS's org chart, that includes, as I said, it includes 24 non-court entities. It does not include the board of law examiners, which is consistent with the independence that it's exhibited financially and administratively. Unless the court has further questions, I'll reserve the rest of my time for rebuttal. We'll hear from your adversary. Thank you. Mr. Stein? May it please the court. This is a case about whether a bull can be held accountable for discriminating against a young woman with disabilities who needed accommodations to take the bar exam. Section 504 does require accommodations for those individuals who need access. And when Congress wrote Section 504, it wrote using broad language intentionally to apply to, quote, all of the operations of a department, agency, special purpose district, or other instrumentality of a state. In this case, this is a very fact-intensive issue requiring a complete record here. Judge Deary analyzed very carefully this issue and fully developed a record and noted a number of things that UCS controls administratively, the board of law examiners, also exercises budgetary control, and provides significant resources because bull is a part of UCS. And it's important for UCS. Mr. Stein, those arguments go to the second point. What about the first point, whether the UCS is an agency or whether it's an instrumentality? Would you address that point, please? Your Honor, opposing counsel would like to consider this a branch of government waiver. And this case is not about an entire branch of government waiving. This case is directly related to the relationship between UCS and the board of law examiners. There is no dispute that UCS accepts federal financial assistance. That is something that we all agree on. It accepts federal financial assistance. And the only question here is the relationship between the unified court system and bull. I'm not sure I agree with that. Before we get to the relationship, there's a threshold question as to whether UCS is an agency or department or other instrumentality within the meaning of the Rehabilitation Act. Because if it's not, I don't know that it matters whether the board is closely associated with it. In Section 504, it clearly defines that it does not apply to an entire state. And the case law is very clear on that. It applies to subunits of state government. UCS is a part of the government of the state of New York. And so it does meet that broad definition of a department, an agency, special purpose district, or other instrumentality. When Congress amended Section 504, it intentionally broadened the definition of what is covered by Section 504. It said that it wanted Section 504 to be interpreted as broadly as possible to cover all of the subunits and pieces of state government. Not the state itself, but any subdivision of it. Mr. Stein, is it of some significance, though, that as I understand it, the chief administrator is the only unified court system official who is authorized to receive external funding. And the board doesn't appear to have any particular statutory or constitutional relationship with the chief administrator. And as I also understand it, the money here went exclusively to courts of original jurisdiction, to drug courts and the like, and mostly to help fund organizations that provide services for litigants before those courts. So one way of thinking about this would be the unified court system is not the right department or agency. We should be looking at maybe the Court of Appeals or the Appellate Courts and the Courts of Original Jurisdiction. Why wouldn't that be a more appropriate way to define the department or agency? What am I missing? The chief administrative judge reports to the chief judge. The chief administrative judge has oversight over many things related to Bull. For example, Bull submits a budget to the Court of Appeals, which is the Department of Financial Management, and the Division of Financial Management is under the chief administrative judge. And the chief administrative judge can provide the budget to the Court of Appeals to the governor. Also, after legislation is approved, the chief administrative judge still has authority to modify Bull's budget after it's been set. If you look in the New York Judiciary Law, Section 215, it says the chief administrative judge does have the authority to modify within major purposes of the budget. And Bull is considered a major purpose of the appellate auxiliary operations. So your question is about whether the Court of Appeals might be the more appropriate division or department, and I would say that the Court of Appeals is part of the unified court system. And the Court of Appeals is the head of UCS, which makes determinations about budget and administration. When you think about the Court of Appeals separately from UCS, it just doesn't make sense. When you talk about the Court of Original Jurisdiction, Congress has been very clear that Section 504 should apply to all subunits, departments, spelled out agencies, instrumentalities. Congress amended Section 504 in order to overturn a Supreme Court case, Grove City, which narrowed those who received federal financial assistance, and Congress felt that that was incorrectly done. They wanted it to apply more broadly. And so for the Court of Original Jurisdiction, being part of UCS, any part of UCS that receives federal financial assistance, which means that UCS should adhere to Section 504 as well as other subunits. It may be that there might be other parts of the judicial branch that are not within UCS's purview. For example, town and village courts. UCS does not provide funding for those courts. New York has over 1,250 town and village courts that are operated by local towns and villages, and it may be that they would not fall under UCS for Section 504 purposes. Now, I don't have the benefit of a fully documented record, fully developed record, that UCS exercises strong administrative control over that, but over Boal, we do. Another example of that being the Court of... Excuse me. Is there not an issue that was raised by your adversary regarding the spending clause? My concern is that UCS may not have realized that by accepting funds for these specialized courts, that it was waiving sovereign immunity for so many facets of it, and in particular Boal. Should we not be concerned, as your adversaries argue, that UCS did not sign on for so broad a waiver? UCS knowingly waived sovereign immunity for all of its operations, and UCS, in its budget, says that Boal is a part of UCS. In Boal's budget request, it has the seal of the Unified Court System. UCS puts together the Unified Court System for the budget for Boal's payroll and benefits. So UCS is definitely the overseeing. Now, if New York State decided that they did not want to waive sovereign immunity for Boal, they would be free to restructure the government agency how they saw fit. Historically, Boal has not been part of the judicial branch, and so they could restructure the state. They always have that flexibility to do that, to restructure the government. So here, we know that UCS should be held fully accountable for supporting Boal because of its primary mission in regulating the admission of attorneys to the bar in the state of New York, and that mission in the budget is very clearly stated. Also, they provide significant resources to support the board. And so, I see that my time is exhausted. I want to thank you for your time. Thank you. We'll hear Roberto. Thank you, your honors. Just a factual question. Does the record indicate how much money the UCS receives each year from the federal government? It does. If you look on page, let me confirm I get this right, 230 and 231 of the record, it has all of the federal grants UCS received from 2010 to 2017, the relevant time frame here, 2013 to early 2015. I have not added those up, so I don't off the top of my head have a number for you, but it's in the record. Let me start with the two kind of broad principles that have came up in opposing counsel's argument, which is A, the direction that Section 504 should be construed broadly, but B, on the other hand, the spending clause imposes meaningful constraints on the scope of Section 504. When they talk about broadly, my opposing counsel brings up, my friend brings up Grove City. In Grove City, what the Supreme Court held was that when a college's financial aid offices accepts federal financial assistance, sovereign immunity is only waived for the financial aid office and not any other part of the college. The way courts would interpret it for federal governments is when, or for state governments, is when the domestic relations section of the 53rd Judicial District accepts federal funding, it only waives sovereign immunity for the 53rd Judicial District. They broadened it by saying, no, no, no, it's the whole Judicial District. Or, for example, in the Senate report, if part of the state health department accepts federal funding, then the whole health department waives. There's no example. There's literally not an example besides the district court decision below of an entire branch waiving sovereign immunity, and that is because courts universally recognize that the spending clause places meaningful constraints on Section 504. There's a serious question here whether the state voluntarily and knowingly accepted the terms of the contract it implicitly entered when it accepted federal funding, where the official from the sole office that accepts federal funds testified without dispute in his deposition that he was not familiar with the Board of Law Examiners and he doesn't work with the Board at all. That's page 127 of the Joint Appendix. So, even if this court thinks the terms department or agency or other instrumentality are ambiguous, required to construe those terms in favor of the state to avoid a spending clause violation and also to adhere to the principle it's repeatedly stated that every reasonable presumption against waiver is to be involved. Unless this court has further questions, I urge a reversal to conform with those two principles. Thank you, Mr. Parker. Thank you both. Very nicely done. Good argument.